UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JOANN T. LASALLE,

               Plaintiff,

       - against -

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

               Defendant.

---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-1502 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Joann T. Lasalle ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking

judicial review of the Social Security Administration's ("SSA") denial of her claim for Disability

Insurance Benefits ("DIB").  (Compl., Dkt. 1.)  Plaintiff moves for judgment on the pleadings,

asking the Court to remand to the SSA for redetermination.  (Pl.'s. Mot. J. Pleadings, Dkt. 9.)  The

Commissioner of the SSA (the "Commissioner") has filed a cross-motion for judgment on the

pleadings, asking the Court to affirm its determination.  (Def.'s Cross-Mot. J. Pleadings, Dkt. 14.)

For the reasons stated below, the Court grants Plaintiff's motion for judgment on the pleadings

and denies the Commissioner's cross-motion.

## BACKGROUND

### I.    **Procedural History**

On February 10, 2022, Plaintiff filed for DIB, alleging disability beginning on

December 1, 2021.  (Admin. Tr.[1], Dkt. 6, at 18.)  Plaintiff claimed that she was disabled due to

---

[1] Page references prefaced by "Admin. Tr." refer to the continuous pagination of the Administrative Transcript, (*see* Dkt. 6), appearing in the lower right corner of each page, and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

bipolar disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD").  (*See id.* at 24.)

Plaintiff's claim for DIB was initially denied on July 5, 2022, (*id.* at 18), and again upon

reconsideration on October 17, 2022, (*id.*).  On November 14, 2022, Plaintiff requested a hearing

before an Administrative Law Judge ("ALJ").  (*Id.*)  On August 18, 2023, a telephone hearing was

held before ALJ Robert R. Schriver.  (*Id.* at 18, 30.)  On April 24, 2024, the ALJ found that Plaintiff

was not disabled within the meaning of the Social Security Act (the "Act").  (*Id.* at 30.)  On June

2, 2024, Plaintiff requested review of that decision by the Appeals Council.[2]  (*Id.* at 233–34.)  On

January 15, 2025, the Appeals Council denied review, and the ALJ's decision became final.  (*See*

*id.* at 1.)  On March 18, 2025, Plaintiff timely sought judicial review of the decision by this Court.[3]

(*See* Compl., Dkt. 1.)

---

[2] The Appeals Council "oversee[s] the hearings and appeals process," "promote[s] national consistency in hearing decisions" made by ALJs, and ensures that the Commissioner's "records [are] adequate for judicial review."  *Brief History and Current Information about the Appeals Council*, SSA, https://www.ssa.gov/appeals/about_ac.html [https://perma.cc/QR7E-CZGP] (last visited Mar. 30, 2026).  Upon "disagree[ment]" with the ALJ's decision, a plaintiff may file an appeal with the Appeals Council.  (Admin. Tr., Dkt. 6, at 15.)  A plaintiff may send a written statement and any new evidence with the appeal.  (*Id.* at 16.)  The Appeals Council reviews all ALJ decisions and may deny the appeal, remand the case, issue its own decision, or dismiss the case.  (*Id.*)

[3] An individual may seek judicial review of any final decision of the Commissioner within 60 days after the Notice of Decision is mailed to the claimant.  42 U.S.C. § 405(g).  "Under the applicable regulations, the mailing of the final decision is presumed received five days after it is dated unless the claimant makes a reasonable showing to the contrary."  *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724 (PKC), 2015 WL 1439862, at *3 (E.D.N.Y. Mar. 27, 2015) (first citing 20 C.F.R. §§ 404.981, 422.210(c); and then citing *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)).  Accordingly, Plaintiff is presumed to have received the Notice of Decision on January 20, 2025.  (*See* Admin. Tr., Dkt. 6, at 1 (showing final decision date of January 15, 2025).)  Since Plaintiff filed her Complaint on March 18, 2025, (*see* Compl., Dkt. 1), less than 60 days later, this action is timely.

## II.    The ALJ's Decision

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An ALJ applies a five-step inquiry to evaluate Social Security disability claims, *Lesterhuis v. Colvin*, 805 F.3d 83, 86 n.2 (2d Cir. 2015), whereby the plaintiff bears the burden of proof at the first four steps of the inquiry, and the Commissioner bears the burden at the final step, *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012).[4]

Here, at step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since December 1, 2021, the alleged onset date of Plaintiff's claimed disabilities. (Admin. Tr., Dkt. 6, at 21.) At step two, the ALJ found that Plaintiff's bipolar disorder constituted a severe impairment. (*Id.*) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals any of the impairments in the Listing of Impairments contained in Appendix 1 to 20 Code of Federal Regulations Part 404, Subpart P. (*Id.* at 21.) The ALJ found that Plaintiff has a mild limitation as to "understanding, remembering or applying information." (*Id.* at 22.) The ALJ also found that Plaintiff has moderate limitations as to "interacting with others," "concentrating, persisting or maintaining pace," and "adapting or managing oneself." (*Id.*) The ALJ thus concluded that the criteria for "paragraph B"[5] of the

---

[4] For a detailed description of the analysis involved in each step of the five-step inquiry, see *Saposnick v. Comm'r of Soc. Sec.*, No. 20-CV-3844 (PKC), 2022 WL 595184, at *1–2 (E.D.N.Y. Feb. 28, 2022).

[5] Paragraph B of each listing in the Listing of Impairments sets out the functional benchmarks used to assess the extent to which a claimant's mental disorder restricts their ability to function. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(A)(2)(b) ("To satisfy the paragraph B criteria, [the claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning.").

Listing of Impairments § 12.04 (for depressive, bipolar and related disorders) of "at least two 'marked' limitations or one 'extreme' limitation" were not met. (*Id.* at 23.)  The ALJ also considered whether Plaintiff has "a minimal capacity to adapt to changes in [her] environment or to demands that are not already part of [her] daily life" in accordance with "paragraph C"[6] of the Listing of Impairments § 12.04, and concluded that the paragraph C criteria were not established. (*Id.*)

Because the ALJ concluded that Plaintiff did not have a listed impairment, the ALJ went on to consider Plaintiff's residual functional capacity ("RFC")[7] before continuing to steps four and five. (*See id.* at 20, 23–28.)  The ALJ concluded that Plaintiff had the RFC necessary "to perform a full range of work at all exertional levels, but with the following non-exertional limitations: she can perform simple tasks only; make only simple work-related decisions; and have only frequent contact with supervisors, coworkers, and the general public."[8] (*Id.* at 23–24.)  Then, at step four,

---

[6] Paragraph C offers an alternative to the paragraph B criteria:

Paragraph C . . . provides the criteria [the SSA] use[s] to evaluate "serious and persistent mental disorders."  To satisfy the paragraph C criteria, [the claimant's] mental disorder must be "serious and persistent"; that is, there must be a medically documented history of the existence of the disorder over a period of at least 2 years, and evidence that satisfies the criteria in both C1 and C2 (see 12.00G).

20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(A)(2)(c).

[7] "An individual's residual functional capacity is [their] ability to do physical and mental work activities on a sustained basis despite limitations from [their] impairments." (Admin. Tr., Dkt. 6, at 20.)  In determining an individual's residual functional capacity, the ALJ "must consider all of the [individual]'s impairments, including impairments that are not severe." (*Id.* (citing 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945).)

[8] The Court presumes that the last limitation—"have only frequent contact with supervisors, coworkers, and the general public"—is a typographical error and that this should have read "have only *in*frequent contact with supervisors, coworkers, and the general public."  The Court considered the possibility that the ALJ meant that Plaintiff should only have frequent contact

4

the ALJ found that Plaintiff could not "perform any past relevant work." (*Id.* at 28.)  At step five, the ALJ concluded that "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 29 (citing 20 C.F.R. §§ 404.1569, 404.1569a, 416.969, 416.969a).) The ALJ thus found Plaintiff not to be disabled under the Act, and her DIB claim was denied. (*Id.* at 30.)

## STANDARD OF REVIEW

Unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of benefits.  42 U.S.C. § 405(g). In reviewing a final decision of the Commissioner, the court's role is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera*, 697 F.3d at 151 (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  To assess whether the ALJ's findings are supported by substantial evidence, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Id.* (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  Findings of fact that are supported by substantial evidence are conclusive and must be upheld by the reviewing court.  42 U.S.C. § 405(g).

---

with supervisors, coworkers, and the public, but that does not exclude anyone and thus would not seem to constitute a "limitation."

In addition to its authority to affirm, modify, or reverse a final decision, the reviewing court may remand the case for the ALJ to further develop the record, resolve conflicts and ambiguities, or elucidate his or her rationale. *See id.*; *see also Grace v. Astrue*, No. 11-CV-9162 (ALC), 2013 WL 4010271, at *14 (S.D.N.Y. July 1, 2013) ("Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision."); *Feliciano v. Comm'r of Soc. Sec.*, No. 21-CV-1800 (AMD), 2022 WL 4646496, at *4 (E.D.N.Y. Sep. 30, 2022) (same); *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir. 1975) (observing that, consistent with the Act's remedial purpose, courts often remand when relevant evidence "was not explicitly weighed and considered by [the agency], although such consideration was necessary to a just determination of a claimant's application"); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (explaining remand is appropriate for further development of the evidence and for a clearer explanation of the decision).

## DISCUSSION

Here, the Court finds that the ALJ failed to develop the record as to Plaintiff's treating psychotherapist Lillian Ramos, L.C.S.W. ("Ramos"), and therefore vacates and remands on this basis.[9]

The record mentions Ramos in a March 30, 2023 letter from Plaintiff's treating psychiatrist, Dr. Yelena Makarov, which stated that Plaintiff "is attending therapy sessions with Lillian Ramos

_____

[9] Although Plaintiff did not advance this argument, the Court may remand based on its own determination that the record requires further development. *See Figaro v. Comm'r of Soc. Sec.*, No. 21-CV-4481 (PKC), 2022 WL 4647102, at *4–5 (E.D.N.Y. Sep. 30, 2022) (remanding for failure to develop the record even though the plaintiff did not explicitly raise the issue). Because the Court finds that the ALJ's failure to develop the record regarding Ramos's treatment of Plaintiff is a sufficient ground for remand, the Court does not reach Plaintiff's arguments about the ALJ's alleged errors in assessing Plaintiff's symptom intensity or failing to develop the record in other ways. (*See generally* Pl.'s Mem. Supp. Mot. J. Pleadings, Dkt. 9-1.) The ALJ can and should consider those arguments on remand.

L.C.S.W[.] . . . on [a] regular basis but due to multiple psychosocial stressors and her medical condition she still requires additional time until further stability." (Admin. Tr., Dkt. 6, at 390.) The ALJ acknowledged the existence of Ramos in his decision, (*id.* at 25–26 ("[Dr. Makarov] noted that the claimant was attending therapy sessions with Lillian Ramos, LCSW.")), yet did not ask Plaintiff any questions about Ramos during the hearing, (*see generally id.* at 38–57), or inquire further about Ramos, request her medical opinion, or seek any treatment records from her after the hearing, (*see id.* at 372–73 (post-hearing reports of contact, neither of which reflect any attempt to contact Ramos)).

"Where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel.'" *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (citation modified) (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)); *see also Pratts*, 94 F.3d at 37 ("It is the rule in our circuit that the ALJ, unlike a judge in a trial, must herself affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." (citation modified)). Indeed, an ALJ is required to make "every reasonable effort" to obtain from an individual's treating physicians all medical evidence necessary to properly make a disability determination, for "at least the 12 months preceding the month in which a claim is filed." *Adamu v. Comm'r of Soc. Sec.*, No. 21-CV-1936 (PKC), 2024 WL 1259242, at *2 (E.D.N.Y. Mar. 25, 2024) (quoting *Starr v. Comm'r of Soc. Sec.*, 581 F. Supp. 3d 525, 533 (S.D.N.Y. 2022)). "Although the treating physician rule has been abolished, [this] principle . . . still applies: whether remand is required because of failure to obtain an opinion from the claimant's treating physician depends on whether the ALJ could have reached an informed decision based on substantial evidence without it." *Id.* (alterations in original) (quoting *Ayala v. Kijakazi*, 620 F. Supp. 3d 6, 18–19, 31 (S.D.N.Y. 2022)). The ALJ's "duty to

develop the record is further enhanced when the disability in question is a psychiatric impairment." *Horowitz v. Comm'r of Soc. Sec.*, No. 20-CV-2351 (PKC), 2021 WL 4147271, at *9 (E.D.N.Y. Sep. 13, 2021) (quoting *Bernadel v. Comm'r of Soc. Sec.*, No. 14-CV-5170 (PKC), 2015 WL 5719725, at *11 (E.D.N.Y. Sep. 29, 2015)); *see also Jackson v. Colvin*, No. 13-CV-5655 (AJN) (SN), 2014 WL 4695080, at *16 (S.D.N.Y. Sep. 3, 2014) (explaining that "claims concerning mental disorders require a robust examination that is sensitive to the dynamism of mental illnesses and the coping mechanisms that claimants develop to manage them" (citing 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E))). The failure to develop the record adequately is a sufficient basis to vacate the decision. *See Moran v. Astrue*, 569 F.3d 108, 112–15 (2d Cir. 2009) (vacating and remanding for ALJ's failure to "develop[] a more comprehensive record before making his decision").

Here, the ALJ knew that Plaintiff was seeing Ramos as a therapist per Dr. Makarov's March 2023 letter, (Admin Tr., Dkt. 6, at 26–27), which also included Ramos's phone number, (*id.* at 390). Because the ALJ did not make any inquiries regarding Plaintiff's treatment with Ramos, he failed to adequately develop the record and resolve an obvious gap as to one of Plaintiff's treating providers relating to Plaintiff's claimed mental health impairments. This is an error requiring remand. *See Berry v. Comm'r of Soc. Sec.*, No. 22-CV-7615 (PKC), 2024 WL 1382765, at *3 (E.D.N.Y. Mar. 21, 2024) (remanding where ALJ failed to seek records of psychiatrist who put Plaintiff on Seroquel, Ambilify, and Xanax); *Perez v. Comm'r of Soc. Sec.*, No. 22-CV-4545 (PKC), 2023 WL 6308051, at *6 (E.D.N.Y. Sep. 28, 2023) (similar).

8

**CONCLUSION**

For the reasons set forth herein, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The Commissioner's decision is vacated, and this action is remanded for further administrative proceedings consistent with this opinion, pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

                                   SO ORDERED.


                                   /s/ Pamela K. Chen
                                   Pamela K. Chen
                                   United States District Judge

Dated: March 30, 2026
       Brooklyn, New York

9